[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the defendant commission concerning action it took on September 9, 1991.
The defendant, Alice Lathrop had submitted an application to the defendant Inland Wetlands Commission concerning a proposed subdivision on her property. Section 8-26 of the General Statutes, relating to the approval of subdivisions, contains the following language pertinent here.
 "If an application [for a subdivision approval] involves land regulated as an inland wetland or watercourse under the provisions of chapter 440, the applicant shall submit an application to the agency responsible for administration of the inland wetland regulations no later than the day the application is CT Page 9779 filed for the subdivision or resubdivison." C.G.S. § 8-26.
The application acted upon by the defendant Inland Wetlands Commission on September 9, 1991 was filed by Alice Lathrop in order to comply with the quoted part of § 8-26.
The application filed by Alice Lathrop with the Planning and Zoning Commission for subdivision/resubdivision approval was withdrawn by Alice Lathrop. See Transcript of Proceedings, 11/20/1996, pp. 1 and 6. Since the application filed by Alice Lathrop with the defendant Inland Wetlands Commission was but an adjunct to her now withdrawn application for subdivision approval. submitted to Planning and Zoning Commission, the validity or invalidity of the defendant Commission's action now is of no consequence.
The plaintiffs claim they are abutting landowners. Even if this be true, this court's granting or not granting the relief they seek, a determination that the September 9, 1991 action of the defendant Inland Wetlands Commission was flawed or wrong, will have no effect since this Commission's action was all for naught. The defendant Inland Wetlands Commission's report and decision were for the "due consideration" of the Planning and Zoning Commission in its consideration of the application for subdivision/resubdivision approval. The Planning and Zoning Commission is no longer faced with the subdivision application; it need not give any consideration to the report and decision of the defendant Inland Wetlands Commission. Thus, whether the decision of the defendant Inland Wetlands Commission is right or wrong is of no practical moment.
This case is moot since any relief this court now might grant will have no practical effect.
The appeal is dismissed.
Parker, J.